THE CITY OF MOUNT PLEASANT *v.* CLUTCH.

The fourteenth section of the act entitled "An act to incorporate the city of Mount Pleasant," approved July 15, 1856, which invests the city council with authority, among other things, to make ordinances "to license, tax and regulate auctioneers, transcient merchants, hawkers, pedlars and pawn-brokers," is not unconstitutional and void.

*Appeal from the Henry District Court.*

WEDNESDAY, OCTOBER 13.

This suit was brought by the city of Mount Pleasant, to recover of the defendant the amount of the tax imposed upon him by the ordinance of the city, in the shape of a

penalty for exercising the business of a transient merchant in the city of Mount Pleasant, without having paid the tax imposed upon him by the ordinances of the city. The cause was first tried before a justice of the peace, and taken by appeal to the district court. The district court decided that the provision of the "Act to incorporate the city of Mount Pleasant," approved July 15, 1856, authorizing a tax or penalty on "transient merchants," as such, was unconstitutional and void, and dismissed the proceeding, from which decision the plaintiff appeals.

*Ambler & Woolson*, for the appellant.

No appearance for the appellee.

STOCKTON, J.—By the fourteenth section of the charter, the city is invested with authority, among other things, "to license, tax and regulate auctioneers, transient merchants, hawkers, pedlars, and pawn-brokers." This is the portion of the act which the court held to be unconstitutional and void, on the ground that it imposed a penalty on "transient merchants," as such, and gave exclusive privileges to citizens within the corporation to do business, which other citizens temporarily residing in the city are prohibited from doing. A slight examination of the section of the act referred to, will, we think, sufficiently show that the district court was mistaken in the meaning given to it; and that the construction placed upon it, was wholly unauthorized. The legislature may undoubtedly confer upon the city council the power to tax "transient merchants," doing business in the city; and the act, for that purpose, so far from being regarded as an attempt to confer exclusive privileges upon one class of citizens, should rather be viewed as an attempt to equalize taxation, and to require all to contribute to the support of the city government.

Judgment reversed.