## Seymour *v.* The State.

*Indictment for Peddling without Revenue License.*

*License tax on peddlers; constitutionality of revenue law imposing, and punishing failure as misdemeanor.* — The revenue law of 1868, in its provisions requiring a license for peddling, and punishing the failure to take out a license as a misdemeanor (Sess. Acts 1868, pp. 297, 330, §§ 105, 111), is not obnoxious to any constitutional provision, state or federal; and its validity is not in any manner affected by the subsequent act approved March 2, 1871, entitled "An act to authorize manufacturers and makers to peddle the products of their various making without license." (Sess. Acts 1870–71, p. 10.)

FROM the Circuit Court of Calhoun.
Tried before Hon. W. L. WHITLOCK.

FOSTER & FORNEY, with S. M. SMITH, for the defendant.

BEN. GARDNER, Attorney General, for the State.

PETERS, C. J. — The record in this appeal shows, that the appellant, Isaiah Seymour, was indicted at the spring term, 1874, of the circuit court of Calhoun county, for peddling without a license. The offence charged in the indictment is thus stated : " The grand jury of said county charge, that, before the finding of this indictment, Isaiah Seymour did engage in, or carry on the business or profession of peddling sewing-machines in a wagon, without license, and contrary to law, and against the peace and dignity of the State of Alabama." To this charge, the defendant in the court below interposed a demurrer, and assigned the following causes : " 1st, that the revenue act of the State, imposing a license on peddlers, and under which the defendant was indicted, is void, because it is in violation of the constitution of the United States ; 2d, that said act is in conflict with sections eight and ten of Article II. of the constitution of the United States." This demurrer was overruled by the court below, and the defendant excepted. He then pleaded not guilty, and went to trial on this plea by a jury. He was found guilty as charged in the indictment, and his fine was assessed at one hundred and twenty dollars. For

[Seymour v. State.]

this fine and costs, judgment was rendered against him by the court below ; from which judgment he appeals to this court. Here, the errors insisted on are the same matters that were assigned for causes of demurrer to the indictment ; that is, that the act of the general assembly of this State, under which the accused was indicted, is unconstitutional and void.

There can be no doubt, that a law which is unconstitutional is utterly void, and the courts may so declare it ; and such a law cannot create an offence, for which a person accused under it can be convicted and punished. 1 Kent, 448, 449 ; *Marbury* v. *Madison*, 1 Cr. 137.

The act referred to in the defendant's demurrer is the revenue law of this State, entitled " An act to establish revenue laws for the State of Alabama," approved December 31, 1868. Session Acts 1868, pp. 297 *et seq.* Section 105 of this act declares, " That it shall be unlawful for any person, firm, company, or corporation, to engage in or carry on any business or profession herein mentioned, without first having paid for and taken out license therefor in the manner hereinafter provided." Acts, *supra*, p. 320, § 105. A violation of this act is made a misdemeanor, and it subjects a person found guilty under it to a fine of three times the amount of the license required to be paid for and taken out, and also to confinement " in the county jail, not exceeding one year, at the discretion of the court." Acts, *supra*, p. 330, § 111. In such a case as this, the price of the license is fixed at forty dollars. Acts, *supra*, p. 333, cl. 22 of sect. 112. This act does not contain any exceptions, or any discriminations in favor of any class of persons, or any business or professions. It is a law to raise revenue for the support of the state government. It would be a waste of argument to discuss the validity of such a law. It was passed by the State under the exercise of a power universally admitted to be legitimate. Blackwell on Tax Titles, p. 2 ; *Osborne* v. *Mayor & Aldermen of Mobile*, 44 Ala. 493 ; *Osborne* v. *Mobile*, 16 Wall. 479.

It is evident that the revenue law of December 31, 1868, above cited, when it was passed, was free from all constitutional objection. This does not seem to be denied. But it is contended, that the character of this law has been since altered by an act of the general assembly of this State, entitled " An act to authorize manufacturers and makers to peddle the products of their various making without license," approved on March 2, 1871. Omitting the enacting clause, this statute is in these words : " That from and after the passage of this act, it shall be lawful for all persons to peddle and sell, without a license, all things made or manufactured by them in this State, or may peddle them by an agent, any law to the contrary not-

withstanding." The most that can be said of this latter en-
actment is, that it is a law to encourage manufacturing in this
State. This act took effect from the day of its approval.
Acts of Ala. 1870–1871, p. 10, No. 12; 1 Kent, 454; *Mat-
thews* v. *Zane*, 7 Wheat. 164. This last named act can hardly
be classed as a part of the revenue law of this State. It is
only a law modifying the general law upon the subject of ped-
dling, and, as such, it may be entitled to be construed in con-
nection with that law. All laws upon the same subject are
to be construed as parts of one enactment. 1 Kent, 463;
Dwarris, 569; *United States* v. *Freeman*, 3 How. 556, 564;
*Wade* v. *Judge*, 5 Ala. 130, 133; *Nashville Railroad Co.* v.
*Comans*, 45 Ala. 443. Taken in this sense, the law of the
State upon the subject of peddling has no reference to the
character of the articles sold, but only to the mode of trans-
portation. The language of the act is this: " For peddlers in
a wagon, forty dollars; for peddlers on a horse, twenty dollars;
for peddlers on foot, ten dollars. A peddler's license shall en-
title him to peddle only in the county where it is taken out."
Acts 1868, *supra*, p. 333, cl. 22. Here, there is no dis-
crimination. Every peddler in the mode mentioned pays the
same license, who pays any license at all. The " privileges
and immunities " of all are the same. Const. U. States, Art.
IV. § 2. But there is one class of goods that the State does'
not choose to tax in this way; that is, goods manufactured in
the State by the makers thereof. Has the State no power to do
this ? May not the State encourage manufacturers in its own
borders, by exempting the articles so manufactured from taxa-
tion for a time, or altogether ? This is not forbidden by any
clause of the constitution of the United States, or of the State,
nor relinquished to the federal government. Then it is re-
tained by the State. Const. U. States, Art. IX. If the
right exists at all, it is sovereign and untrammelled, and the
State may exercise it in any manner that may accomplish the
end proposed.

In the case at bar, the agreed statement of facts shows that
the appellant peddled sewing-machines, made in the city of
St. Louis, in the State of Missouri, in a wagon, in the county
of Calhoun in this State, within the time laid in the indict-
ment, without having paid for and taken out a license, under
the revenue law above cited. For this he was indicted, tried,
and found guilty by the verdict of a jury, and fined as required
by that law. The prosecution shows no irregularities which
would justify a reversal. The law under which the proceed-
ings were conducted is valid and binding, and was not affected
by the act of March 2, 1871, above quoted.

The judgment of the court below is, therefore, affirmed.