# Vines *v.* The State of Alabama.

| 67 | 73 |
|-----|-----|
| 100 | 532 |

*Indictment for Peddling Sewing Machines without License.*

1. *Federal Constitution; construction placed on by United States Supreme Court binds all courts.*—The construction placed on the provisions of the Federal Constitution by the Supreme Court of the United States is binding on all the judicial tribunals of this country.

2. *Discrimination by State against products of other States prohibited.*—No State, either in the exercise of its taxing power, or of its police power, can discriminate in favor of its own products and manufactures, and against the products and manufactures of other States.

3. *Statute exacting license for peddling, but exempting domestic manufactures, unconstitutional.*—The statute of this State, (Code 1876, § 494, subdivision 8) which imposes a license tax on "peddlers," the amount of the license being regulated by their manner of traveling, and which declares that, "such license shall entitle him to peddle only in the county where it is taken out, but this shall not apply to any articles produced or manufactured in this State," discriminates in favor of the manufactures and products of this State, and against those introduced into it from other States, and is unconstitutional.

4. *Statute ; when effect will be given to remainder of, when part held unconstitutional.*—When part of a statute is pronounced unconstitutional, and there are other parts or sections of it, which are not dependent upon, and which are separable from, and capable of full execution without such unconstitutional portion, their validity is not affected.

5. *Same ; when whole statute fails, on account of unconstitutional part.*—But, if the parts of a statute are so materially connected and dependent as to warrant the belief that the legislature intended them as a whole, and there is no good reason for believing it was intended ; that if a part should be incapable of taking effect the residue should stand, the whole statute must fail.

6. *Same ; section 494, subdiv. 8, Code of 1876, entire, and incapable of separation.*—The statute imposing a license tax on peddlers (Code, § 494, sub-div. 8) is, in its purposes and objects, an entirety ; and the attempted exemption of domestic manufactures from the tax, cannot be stricken out and the residue of the law preserved without imposing a tax on such manufactures, when the legislature has not done so, but has expressly relieved them from it.

WRIT OF ERROR to Jefferson Circuit Court.
Tried before Hon. W. S. MUDD.
Appellant was indicted at the fall term, 1879, of the Circuit

[Vines v. The State.]

Court of Jefferson county. The indictment charged him with "engaging in or carrying on the business or profession of peddling sewing machines, without first having paid for and taken out a license therefor." No errors are asigned on the record, and the written briefs of counsel, which are on file, do not discuss the constitutionality of the statute recited in the opinion of the court, but are directed to defects in the indictment, hence, it is unnecessary to give them.

HEWITT & WALKER, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

BRICKELL, C. J.—The appellant was indicted for peddling sewing machines without license. The statute (Code of 1876, § 494), requires that licenses for certain occupations shall be obtained, and fixes the sum to be paid for each license. The eighth subdivision of the section reads as follows, viz. : "For peddlers in a wagon, forty dollars ; for peddlers on a horse, twenty dollars ; for peddlers on foot, ten dollars. A peddler's license shall entitle him to peddle only in the county where it is taken out ; but this shall not apply to any articles produced or manufactured in this State, except as otherwise provided," &c. The statute manifestly discriminates in favor of the products or manufactures of the State, and against products or manufactures introduced into it from other States, or from foreign countries. Without license, and of consequence, without being subjected to penalty, the products or manufactures of this State may be carried about and sold or exchanged, while the like products or manufactures of other States, or of other countries may not be without criminality. Such discriminations in favor of our own citizens, and the products and manufactures of the State, have been very frequent in our revenue laws. That such discriminations could not be made for the mere purposes of revenue, as against the citizens of other States, or their property here situate, was settled in *Wiley v. Parmer*, 14 Ala. 627. It was, however, intimated that if the object was not taxation, but the regulation of the internal police of the State, such discriminations could be made without offending the national constitution. Following this intimation, in the subsequent case of *Seymour v. State*, 51 Ala. 52, a revenue law not differing in substance from the statute now under consideration was pronounced valid, free from all constitutional objection. It was said : " there is one class of goods that the State does not choose to tax in this way ; that is, goods manufactured in the State," &c. " Has the State

[Vines v. The State.]

no power to do this? May not the State encourage manufactures in its own borders, by exempting the articles so manufactured from taxation for a time or altogether? This is not forbidden by any clause of the constitution of the United States, or of the State, nor relinquished to the Federal government." There can be no doubt that the decision was in accordance with the prevailing legislative policy of the State, and judicial opinion, so far as it had found expression.

More recent adjudications of the Supreme Court of the United States, to whose expositions of the National constitution all judicial tribunals must yield obedience, have placed it beyond controversy that a State cannot, either in the exercise of its taxing power, or of its police powers, discriminate in favor of its own products and manufactures, and against the manufactures and products of other States. The case of *Welton v. State of Missouri*, 91 U. S. 275, is not distinguishable from this case. A statute of Missouri imposed a license tax upon all persons peddling goods, wares, and merchandise, not the growth, produce, or manufacture of the State, excepting books, charts, maps and stationery, from its provisions. Welton was indicted for a violation of the statute, by peddling sewing machines, and was convicted. The judgment of conviction was affirmed by the Supreme Court of Missouri, the court holding the license was a mere charge upon a calling or occupation; a calling or occupation limited to the sale of merchandise, not the growth, product, or manufacture of the State. The judgment was reversed in the Supreme Court of the United States, and the statute declared violative of the clause of the constitution conferring on Congress the power to regulate commerce with foreign nations, and among the several States. The power of a State to impose a law by way of license on pursuits and occupations within its limits was admitted. But, it was said, "like all other powers, must be exercised in subordination to the requirements of the Federal constitution. Where the business or occupation consists in the sale of goods, the license tax required for its pursuit is, in effect, a tax upon the goods themselves. If such a tax be within the powers of a State to levy, it matters not whether it be raised directly from the goods, or indirectly from them through the license to the dealer; but, if such tax conflict with any power vested in Congress by the constitution of the United States, it will not be any the less invalid because enforced through the form of a personal license." It was further said the power conferred upon Congress " is one without limitation; and to regulate commerce is to prescribe rules by which it shall be governed; that is, the conditions upon which it shall be conducted; to

[Vines v. The State.]

determine how far it shall be free and untrammeled, how far it shall be burdened by duties and imposts, and how far it shall be prohibited." The power, it was said further, attended commercial commodities upon their introduction into a State, and continued until they ceased to be the subject of discriminating legislation by reason of their foreign origin. In *Machine Co. v. Gage*, 100 U. S. 679, the test of the validity of State legislation, like that before us, is declared to be the question " whether there is any discrimination in favor of the State or of the citizens of the State which enacted the law. Wherever there is such discrimination it is fatal." See, also, *Gray v. Baltimore*, 100 U. S. 434.

It has been, however, suggested, that it is only the exemption of State products and manufactures which offends the national constitution, and this may be regarded as stricken out, leaving the general words of the statute of full force, imposing a license upon all peddlers, and not distinguishing between them, because of the origin of the products or manufactures in which they deal. A part, or a section of a statute may offend the constitution, State or National, and if there are other parts or sections, separable from, not dependent upon it, capable of full execution without it, their validity is not affected.—*Ex parte Pollard*, 40 Ala. 77. But, when the parts of a statute are so materially connected and dependent as to justify the belief that the legislature intended them as a whole; and there is an absence of good reason for the belief, that the legislature intended, if a part was incapable of taking effect, the residue should be preserved, the whole statute must fail. The statute we are considering speaks as an entirety in its purposes and objects, and it is incapable of separation and severance without violation of the legislative will. A construction of the statute which would subject to license a peddler of the products and manufactures of the State, would impose a tax, where the legislature has not made the imposition, but specially relieved and exempted from it. That would be legislation, not construction.

The judgment of the Circuit Court must be reversed, and a judgment here rendered discharging the appellant from custody, and from further prosecution.