Dissenting Opinion.
Bermudez, C. J.
The defendant resists payment of a license tax of $25 per month, levied by the City of New Orleans by ordinances, on persons pursuing his business. He charges its unconstitutionality- on several grounds, which were sustained by the City Court, from whose judgment the plaintiff has appealed.
It is claimed that the tax is unconstitutional:
(a) Because the City has not been empowered to levy it;
(&) Because the State itself levies no such ta.x, and there exists a special constitutional prohibition, in the Constitution now in force, against the levying by municipal corporations in the State, of any greater license tax than is levied by the General Assembly for State purposes;
(c) Because though, on reading, the ordinances appear to impose upon all travelling agents such license, they operate only against travelling agents from other States, and are in conflict with the Federal Constitution which guarantees to the citizens of each State the rights, privileges and immunities of the citizens of the several States.
{A) By its charter, Sec. 12, Act 30 of 1870, the City was delegated by the State the power “to levy, impose and collect a license tax upon all persons pursuing any trade, profession or calling, and to provide for its collection, etc.”
The exercise of the power lias uniformly been judicially sustained, and must continue to be so, unless the right to it has been withdrawn or abridged.
{J3) Article 206 of the present Constitution, which is relied upon as revoking or curtailing the power, reads: “No political corporation shall impose a greater license tax than is imposed by the General Assembly for State purposes.”
The object of this provision was to prevent municipal corporations from exacting higher licenses from persons pursuing particular avocations, than the State had adjudged such persons should pay.
In order to charge victoriously the invalidity or illegality of a license tax imposed by such corporation on that ground, there must exist a term of comparison, viz: the fact of the levying of a license by the State on the same calling. Where such is found wanting, the power of the corporation cannot be challenged successfully.
This Article modifies Sec. 12 of the City Charter in such cases only.
It is not pretended in this controversy that the State has levied any *843 license on the business, within the purview of the city ordinances in question, or that the City has levied a different license on resident travelling agents.
■ While it is perfectly true that the State ■ cannot delegate taxing powers which she does not possess, it is no less so, that -where the State possesses a taxing power, but does not exercise it, she can delegate it in a proper case.
The State could undoubtedly have levied a license tax on the defendant, but she has not done so. From the fact that she did not exercise that power, it does not result that the power previously conferred on the City, to tax all professions and callings not exempt, have been revoked by the omission to tax. The abstention of the State cannot have the effect of a repealing law. A power delegated continues until recalled. The wants of a municipal corporation may proportionally be greater than those of the State. Hence, the power lodged in the City to require a license when the State would not deem it necessary to demand any. In the comparison of quantity, the absence of all quantity on the one side is no initial point. Zero' is no quantity.
(O) These ordinances, Nos. 6793 and 6868, A. S., impose the license without distinction, upon “ all travelling agents offering any species of merchandise for sale, or selling the same.”
They make no discrimination at all between resident and nonresident travelling agents. Had they made such discrimination, they would have had to share the same fate as a State law attempting such. 32 An. 832.
No privileges are secured by Sec. 2 of Article 4 of the Constitution of the United States, except those -which belong to citizenship. 18 How. 591. It was designed to prevontf each State from, discriminating in favor of its own people and against those of another, and to secure all' privileges and immunities in any State, as are by the laws and Constitution of the United States, secured and extended to her own people of the same class and otherwise similarly situated. 7 Minn. 13. But the citizens of other States are not entitled to greater rights than the State grants to her own citizens. 26 Barb. 270: 5 Sand. S. C. 5, 681; 20 N. Y. 562.
A tax upon non-resident traders, or transient merchants, is valid where the taxation is the same as that imposed upon resident traders. 6 Iowa, 546; 51 Ala. 52; 12 Wall. 418; S. C. 31 Md. 279; 12 Wheat. 449; 27 Mo. 664; Cooley on Taxation, 64; Burroughs on Tax., § 591.
I think that the judgment appealed from is incorrect and that the City should recover.
Rehearing refused.
Levy, J., absent.