(91 South. 917)

STATE ex rel. SMITH, Atty. Gen., v. ELBA BANK & TRUST CO. (3 Div. 388.)

(Court of Appeals of Alabama. June 30, 1921. Rehearing Denied July 19, 1921.)

1. Taxation ⟿113—Constitutional requirement to levy franchise tax on corporations is mandatory.

The provision of Const. 1901, § 229, that the Legislature shall provide for the payment of a franchise tax by corporations, is mandatory, and the mandate applies to all domestic corporations save those expressly excepted from the tax. (Response of Supreme Court to certified questions, Sayre and Gardner, JJ., dissenting.)

2. Taxation ⟿193—Exemption of banks from corporate franchise tax is void.

The proviso in each of the revenue acts of 1911 (Acts 1911, p. 170, § 12) and 1915 (Acts 1915, p. 397, § 16), exempting banks from the payment of the franchise tax imposed upon all corporations organized under the laws of the state, violates the mandate of Const. 1901, § 229, and is void. (Response of Supreme Court to certified questions, Sayre and Gardner, JJ., dissenting.)

3. Statutes ⟿64(8)—Invalidity of exemption of banks from franchise tax imposed by statute held not to invalidate tax as a whole.

The invalidity of the provisos of the Revenue Acts of 1911 and 1915 (Acts 1911, p. 170,

⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

§ 12; Acts 1915, p. 397, § 16), attempting to exempt banks from the payment of the franchise tax imposed by those acts in general terms, does not invalidate the tax as a whole, which was levied in compliance with the mandate of Const. 1901, § 229, especially in the act of 1915, which provides that the invalidity of any clause shall not affect any other clause or provision. (Response of Supreme Court to certified questions, Sayre and Gardner, JJ., dissenting.)

**4. Taxation ⬅191—Legislature can exempt property by uniform exemptions unless restrained by constitutional limitations.**

Unless restrained by constitutional limitation, the Legislature may exempt from taxation all kinds and classes of property so long as the exemptions are uniform and equal.

**5. Taxation ⬅195—Constitutional provision as to property which shall be exempt prohibits exemption of other property.**

A positive, unambiguous direction in the Constitution as to what property shall be exempt from a tax includes an implied prohibition against the exemption of any other property by the Legislature.

**6. Taxation ⬅193, 204(2)—Exemptions are to be strictly construed.**

Exemptions from taxation, whether statutory or constitutional, are to be strictly construed against the exemption and in favor of the right to tax, and no person or property is to be exempted unless the intention to exempt clearly appears.

**7. Constitutional law ⬅12—Plain declaration excludes construction.**

Where the language of a constitutional provision is plain and unambiguous, construction is excluded, and no search for purpose or intention can be initiated.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by the State of Alabama, on the relation of J. Q. Smith, its Attorney General, against the Elba Bank & Trust Company, to recover the corporation tax for certain years. Judgment for the defendant, on demurrer, and the plaintiff appeals. Reversed and remanded on response by the Supreme Court to certified questions.

Certiorari denied 207 Ala. 711, 91 South. 922.

J. Q. Smith, Atty. Gen., and Thomas J. Judge, Sp. Asst. Atty. Gen., for appellant.

The acts of the Legislature (Acts 1911, p. 170, and Acts 1915, p. 397) are void and unconstitutional, in so far as the attempts to exempt banks from the payment of franchise. Sections 229 and 232; Const. 1901; 37 Cyc. 887; 113 Ga. 883, 39 S. E. 394, 54 L. R. A. 807; 17 Utah, 166, 53 Pac. 981, 41 L. R. A. 407; 30 Pa. 9, 72 Am. Dec. 664; 74 Ala. 566; 74 Ala. 583; 89 U. S. (22 Wall.) 527, 22 L. Ed. 805; 109 U. S. 258, 3 Sup. Ct. 277, 27 L. Ed. 927. Act of 1919 did not attempt to exempt banks from the tax in the year 1920. Acts 1919, p. 291 et seq. Commutation of taxes is void, under the uniformity clause of the state Constitution. Section 217, Const. 1901; 23 Or. 339, 31 Pac. 779, 19 L. R. A. 77, 37 Am. St. Rep. 682; 53 Ala. 570; 188 Ala. 166, 66 South. 47; 62 Ala. 464, 34 Am. Rep. 30. Taxation is the rule, and exemption is the exception. 160 Ala. 263, 49 South. 749, and authorities supra. If said acts are contrary to Constitution, the state can recover. 91 Ala. 217, 8 South. 852.

Hugh Mallory, of Selma, and Rushton & Crenshaw, of Montgomery, for appellee.

The tax sought to be recovered has never been levied. 102 U. S. 472, 26 L. Ed. 197; 58 Ala. 546; 82 Ala. 157, 2 South. 132; 73 Ala. 65. The provisions of section 229, Const. 1901, are not self-executing. 86 Ala. 122, 5 South. 216; 52 Ala. 231, 23 Am. Rep. 567. If the exemption or exception is void, then the whole section falls. 67 Ala. 73; 179 Ala. 61, 60 South. 392, Ann. Cas. 1915C, 691. The Attorney General cannot raise the constitutionality of the acts. 48 Ala. 540; 110 Ala. 308, 20 South. 359; 25 S. D. 7, 124 N. W. 959, 32 L. R. A. (N. S.) 954; 5 Ala. App. 318, 59 South. 508; 28 Cal. App. 491, 152 Pac. 980; 53 Colo. 109, 123 Pac. 824. The Legislature has the broadest discretion in the selection of classes of persons and property for the purposes of taxation. 188 Ala. 487, 66 South. 169, L. R. A. 1915A, 185, Ann. Cas. 1916E, 752; 182 Ala. 475, 62 South. 77, Ann. Cas. 1915D, 436. The language of Acts 1919, p. 821, fully and completely exempt banking corporations from the payment of the franchise tax. 36 Cyc. 1165; 150 Ala. 666, 44 South. 541; 186 Ala. 119, 52 South. 390. General provisions of the law cannot prevail over special provisions of another law passed at the same session. 108 Ala. 336, 18 South. 816; 164 Ala. 529, 51 South. 159.

Certificate to the Supreme Court of Alabama.

Under the provisions of the statute (act approved April 18, 1911; Acts 1911, p. 449, § 1), the following question is hereby submitted to the Supreme Court for determination:

Is the act of the Legislature of Alabama (Acts 1911, p. 170) and the act of 1915 (Acts 1915, p. 397) unconstitutional and void in so far as said acts attempt to exempt banks and banking institutions from the payment of franchise tax?

C. R. BRICKEN,
Presiding Judge.
WM. H. SAMFORD,
HENRY P. MERRITT,
Judges.

The Court of Appeals, not having the power and authority to finally hear and determine the main question involved in this ap-

peal, submits same to the Supreme Court. We take the liberty of accompanying the query with an opinion of this court which expresses our views upon the questions involved.

C. R. BRICKEN,
Presiding Judge.
WM. H. SAMFORD,
HENRY P. MERRITT,
Judges.

BRICKEN, P. J. The part of section 229 of the Constitution of Alabama, relating to a franchise tax on domestic corporations, reads as follows:

"The Legislature shall, by general law, provide for the payment to the state of Alabama of a franchise tax by corporations organized under the laws of this state, which shall be in proportion to the amount of capital stock; but strictly benevolent, educational, or religious corporations shall not be required to pay such a tax."

The revenue act of 1911 (Acts of 1911, page 170), in so far as it relates to a franchise tax on domestic corporations, reads as follows:

"All corporations organized under the laws of this state, shall pay annually the following franchise tax: * * * Provided that the provisions of this subdivision shall not apply to banks and banking institutions and building and loan associations regularly organized under the laws of this state or the United States, nor shall it apply to strictly benevolent, educational or religious corporations." Section 12.

The revenue act of 1915 (Acts of 1915, p. 397), in so far as it relates to a franchise tax on domestic corporations, provides in section 16 as follows:

"Every corporation organized under the laws of this state, except strictly benevolent, educational or religious corporations, or banks or banking institutions, or building and loan associations regularly organized under the laws of this state, or any other state, shall pay annually to the state an annual franchise tax of forty cents on each one thousand dollars of its paid-up capital stock."

The question presented by this appeal is whether or not the provisions of the Revenue Acts of 1911 and 1915 purporting to exempt domestic banking corporations from the payment of a franchise tax is in conflict with section 229 of the Constitution above referred to, and, if so, whether or not domestic banking corporations are liable for the franchise tax for the years 1911 to 1920, inclusive.

Each of these revenue laws above quoted evidences an intent on the part of the Legislature to levy a franchise tax on domestic corporations pursuant to the constitutional mandate. They likewise evidence an intent on the part of the Legislature to exempt domestic banking corporations from the payment of such tax.

[4] Unless restrained by constitutional limitation, the Legislature may exempt from taxation all kinds and classes of property, so long as the exemptions are uniform and equal (State v. Birmingham So. Ry. Co., 182 Ala. 475–490, 62 South. 77, Ann. Cas. 1915D, 436), but a constitutional restraint upon the power of exemption is binding upon the Legislature, and its plain requirements are not to be circumvented by finical reasoning.

Section 229 of the Constitution says the Legislature shall provide for the payment of a franchise tax by corporations organized under the laws of this state, but that strictly benevolent, educational, or religious corporations shall not be required to pay such tax. That means that the Legislature shall levy a franchise tax on all domestic corporations, except strictly benevolent, educational, or religious corporations, and that these and these only can be exempted from the payment of a franchise tax that the Constitution declares shall be imposed by the Legislature.

[5] A positive, unambiguous direction in the Constitution as to what property shall be exempt includes an implied prohibition against the exemption of any other property by the Legislature. State v. Armstrong, 17 Utah, 166, 53 Pac. 981, 41 L. R. A. 407.

[6] The universal rule of construction is that exemptions from taxation, whether statutory or constitutional, are to be strictly construed against the exemption, and in favor of the right to tax, and no person or property is to be exempted, unless the intention to exempt such person or property clearly appears in some statute or constitutional provision. Anniston City Land Co. v. State, 160 Ala. 253, 48 South. 659. All that is so ably said by counsel for the appellee with reference to the right of the Legislature to select the subjects of taxation, and constitutionally classify them, and to exempt at its discretion so long as the exemptions are uniform and equal, finds undoubted support in the decisions of the Supreme Court of this state, and there can be no question about this being the law in this jurisdiction, in the absence of constitutional limitations or restraint, but the rule announced by these decisions has no field of operation here.

[7] The organic law of the state requires the Legislature to provide for the payment of a franchise tax by domestic corporations, and exempts religious, benevolent, and educational institutions from that requirement, and no others. This court must give heed to the plain requirements of the Constitution, and we have no right to stray into mazes of conjecture in a search for imaginary purposes, or possible or even probable intent. State v. McGough, 118 Ala. 168, 24 South. 395.

A search for purpose or intention cannot be initiated, and construction is excluded, where the language used is so plain and unambiguous that there is nothing to construe. We are therefore of the opinion that the attempt to exempt domestic banking corporations from the payment of a franchise tax was unconstitutional and ineffectual under the constitutional provisions above referred to.

It is next insisted that if the attempted exemption in favor of domestic banking corporations is invalid, then the entire levy is void, because the statute would be materially different from that enacted by the Legislature, citing Vines v. State, 67 Ala. 73, and McLendon v. State, 179 Ala. 61, 60 South. 392, Ann. Cas. 1915C, 691. In those cases, the Legislature was not under a solemn duty to levy the particular tax in question; and, not being under such duty, its intention, evidenced by its act, was to impose the tax there levied on the express condition that it should not operate on an exempted class.

In the case at bar, the Legislature was bound by its official oath to obedience to the Constitution, and thereby bound to provide for the payment of a franchise tax by domestic corporations. We must assume that the Legislature intended to perform its duty, and that it would not have declined to do so, had it been advised of its want of authority to exempt domestic banking corporations from the tax the Constitution made it the duty of that body to impose. We are of the opinion that the exemption of domestic banking corporations was not the express condition upon which this tax was imposed on others, but, on the contrary, the Legislature was attempting to perform its sworn duty under the Constitution, and in performance of that duty mistakenly attempted to exercise authority which it did not possess, viz. the authority to exempt corporations, other than the class named, from the payment of the tax imposed.

The appellee makes the contention that a franchise tax for the years 1911–1920 has not been levied on domestic banking corporations. We think this is without merit. The Constitution required it to be imposed. The Legislature undertook and intended to perform its duty. The fact that its attempt to exempt domestic banking corporations was void leaves its effort as the Constitution contemplated it should be, viz. the levy of a franchise tax on all domestic corporations except the exempted class named in the organic law. The law stands as if the Constitution had drawn a pen through the exemption in favor of banks and obliterated those words from the statute. Graves v. Eubank, 205 Ala. 174, 87 South. 587. Ex parte Cowert, 92 Ala. 94, 9 South. 225. The rulings of the trial court are in conflict with our conclusion here, and, in our opinion, should be reversed, and the cause remanded.

### Response of Supreme Court.

SOMERVILLE, J. In response to the foregoing question propounded to this court for determination, we advise as follows:

[1] 1. Section 229 of the Constitution is mandatory in its requirement that the Legislature "shall, by general law, provide for the payment to the state of Alabama of a franchise tax by corporations organized under the laws of this state"; and the mandate applies to all domestic corporations save only the classes of corporations expressly excepted from the tax, viz. those which are strictly benevolent, educational, or religious.

[2] 2. The proviso found in each of the revenue acts referred to (1911 and 1915), in so far as it exempts banks and banking institutions from the payment of the franchise tax imposed in general terms upon "all corporations organized under the laws of this state," is in violation of the mandate of section 229 of the Constitution. The proviso is therefore, as to banks and banking institutions, unconstitutional and void, and must be denied any operation or effect.

[3] 3. The clause imposing the franchise tax on domestic corporations in general must be given effect, notwithstanding the nullification of the proviso, for the reason that it is the legislative execution of a constitutional mandate, and it must be presumed that the Legislature intended that it should operate nevertheless according to the force of that mandate. They could not have intended to relieve all corporations of the tax, and so to violate their plain duty in the premises, in order to protect state banks from the burden of its payment.

This presumption is fully confirmed, so far as the revenue act of 1915 is concerned, by the explicit legislative declaration found in section 289 of the act, that—

"If any section, clause or provision of this act shall be held void, or ineffective for any cause, it shall not affect any other section, clause or provision of this act." State ex rel. Crumpton v. Montgomery et al., 177 Ala. 212, 241, 59 South. 294.

These considerations of course render inapplicable the general rule that the nullification of a material proviso or exception carries with it the nullification of the entire section or act, as illustrated by the cases of Vines v. State, 67 Ala. 73; McLendon v. State, 179 Ala. 61, 60 South. 392, Ann. Cas. 1915C, 691; and Wilkinson v. Stiles, 200 Ala. 279, 76 South. 45.

The foregoing conclusions are soundly stated and supported by BRICKEN, P. J., speaking for the Court of Appeals, in the

opinion submitted to us, and which we fully approve.

ANDERSON, C. J., and McCLELLAN, THOMAS, and MILLER, JJ., concur.

SAYRE and GARDNER, JJ., dissent.

### Opinion on Response from the Supreme Court.

BRICKEN, P. J.. This was an action by the state against appellee bank to recover franchise taxes alleged to be due from said bank for the years 1911 to 1920, inclusive. The complaint contained 10 counts, the plaintiff suing in a separate count for each year's tax. The trial court sustained demurrers to each count, and rendered judgment for the defendant; the principal grounds of demurrer being that the defendant as a bank was exempt from the payment of a franchise tax. The state, by reason of the adverse ruling of the court in sustaining the demurrers to the complaint, took a nonsuit and appeals.

The following agreement in writing by counsel for the respective parties in this proceeding is presented to this court:

"In this case it is agreed and stipulated between the parties that the question to be decided is whether or not state banks in the state of Alabama shall pay a franchise tax for the years 1911–1920, inclusive, the state contending that the statutes by the terms of which the. banks were relieved from paying such franchise tax were unconstitutional and void, and the defendant contending that there is no legal authority for demanding of the defendant bank a franchise tax for either of said years.

"It is further agreed and stipulated that upon the submission of the case, both parties will request the court, and do hereby request the court, to decide the question fully without regard to the status of the pleadings or to the form of the orders and judgments of the court below."

The question presented by this appeal involves the constitutionality of the following acts of the Legislature of Alabama, to wit: Acts of 1911, p. 170, and Acts of 1915, p. 397, in so far as said acts attempt to exempt banks and banking institutions from the payment of franchise taxes as aforesaid.

As provided by the statute (Acts 1911, p. 449), the question was certified by this court to the Supreme Court for determination. The views of this court are contained in the opinion accompanying the certification of the question, and hereinabove set out. In this opinion this court gave as its conclusion that the acts in question, so far as they attempted to exempt banks and banking institutions from the payment of a franchise tax, are unconstitutional. The response of the Supreme Court confirms these views.

It follows therefore that the court below erred in sustaining demurrers to the com-plaint, and upon authority of the "Supreme Court's reply" hereinabove set out, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.