This appeal was perfected by the State as a result of a ruling by the Circuit Court of Montgomery County granting appellee's motion to dismiss an assault charge on a plea of former jeopardy, and was in accordance with Act 82-860, which permitted appeals by the State from certain pre-trial proceedings.
Appellee then filed in this court a motion to dismiss the State's appeal on the basis that Act 82-860 was not constitutionally enacted and is, therefore, null and void. We now come to consider that motion to dismiss.
The facts. S.B. 60, which was subsequently designated Act 82-860, was duly passed by both houses of the Alabama Legislature in the 1982 Third Special Session. It was presented to the Governor on August 13, 1982, the date on which both houses adjourned sine die. The Governor signed the bill on August 22, 1982, and deposited the bill with the Secretary of State on August 25, 1982. Between the date on which the bill was presented to the Governor and the date on which the bill was deposited with the Secretary of State, there were two intervening Sundays.
The issue. Was the bill approved by the Governor and deposited with the Secretary of State in accordance with the provisions of Article V, Section 125, Constitution of Alabama, 1901, so as to become a valid act?
The holding. The bill was not approved by the Governor and deposited with the Secretary of State within ten days after final adjournment of the legislature, as required by Section 125 of the Constitution, so as to become a valid act.
The pertinent portion of Constitution Section 125 provides:
 "If any bill shall not be returned by the governor within six days, Sunday excepted, after it shall have been presented, the same shall become a law in like manner as if he had signed it, unless the legislature, by its adjournment, prevent the return, in which case it shall not be a law; but when return is prevented by recess, such bill must be returned to the house in which it originated within two days after the reassembling, otherwise it shall become a law, but bills presented to the governor within five days before the final adjournment of the legislature may be approved by the governor at any time within ten days after such adjournment, and if approved and deposited with the secretary of state within that time shall become law." (Emphasis ours.)
The issue in this case has two prongs: (1) whether intervening Sundays are counted in the ten-day time computation, and (2) whether the process of depositing the document with the Secretary of State is a ministerial duty for which the ten-day requirement is directory, as opposed to being mandatory. We perceive that the pertinent language of Section 125, hereinabove quoted, is plain, clear, and distinct; there is no doubt, ambiguity, or uncertainty as to the meaning. Consequently, the language must be accepted as written, there being no reason or justification by the court for construction either by way of deletion, addition, or interpolation. The intent of the framers of any constitutional provision is first sought from the language employed in its ordinary and usual meaning at the time of adoption.
Addressing the issue of giving heed to the plain requirements of the constitution, the Court of Appeals in State el rel.Smith v. Elba Bank Trust Co., 18 Ala. App. 253, 91 So. 917,cert. denied, Ex parte Elba Bank Trust Co., 207 Ala. 711,91 So. 922 (1921), held: *Page 305 
 "A search for purpose or intention cannot be initiated, and construction is excluded, where the language used is so plain and unambiguous that there is nothing to construe."
Sundays are not excepted in the computation of the ten-day period. The first portion of the sentence specifically excepts Sundays in the computation of the six-day period within which the Governor must return bills to the legislature to prevent their becoming law without his signature. That provision is separated from the remainder of the sentence by a semicolon. It logically follows that if the framers had also intended to exempt Sundays from the computation of the ten-day period, then they would have specifically so provided. Not having specifically so provided, the framers intended that Sundays would not be exempt in the computation of the ten-day period.
The use of the conjunctive "and" in the last phrase of the quoted provision signifies two conditions precedent to such bills becoming laws: approval by the Governor and depositing with the Secretary of State within that time (ten days). Conversely, if either condition is not met within the stated period, the bills will not become laws. We are not persuaded that the depositing with the Secretary of State is "directory" only, which somehow waives the ten-day time period. Unless otherwise clear from the language employed, all constitutional provisions should be regarded as mandatory so as to preclude any discretion with the executive, legislative, or judicial branches of government as to whether to obey or disregard them. Following the clear and plain language of the provision and resorting to the ordinary and usual meaning of the words employed, we hold the bills must have been deposited with the Secretary of State, after their approval, and within the ten-day period. Not having been so deposited with the Secretary of State, the bill did not become law. Instead, it became the object of a pocket veto. To hold any other way would be an unwarranted judicial encroachment on constitutional revision, a matter which is reserved exclusively to the legislature and the people.
For the foregoing reasons, appellee's motion to dismiss is due to be, and is hereby, granted.
APPEAL DISMISSED.
HARRIS, P.J., and TYSON, J. (sitting by agreement filed pursuant to Canon 3-D of the Alabama Canons of Judicial Ethics), DeCARLO and BOWEN, JJ., concur.