<hr />

[L. A. No. 180.   In Bank.—February 25, 1896.]

MARTIN C. MARSH, RESPONDENT, v. JAMES HANLY
ET AL., SUPERVISORS OF LOS ANGELES COUNTY, AP-
PELLANTS.

CONSTITUTIONAL LAW—LOCAL AND SPECIAL LEGISLATION—IMPROPER CLASSI-
FICATION OF COUNTIES—PRIMARY ELECTION LAW.—The primary elec-
tion act of March 27, 1895, being expressly confined in its operation
and effect to counties of the first and second class, and not being a
regulation of the compensation of county officers, for which purpose
only the constitution provides for the classification of counties, is local,
special, and unconstitutional. Such act is upon a subject matter to
which a general law, having a uniform operation throughout the state,
can be made applicable.

ID.—VITIATION OF ENTIRE ACT—INTENTION OF LEGISLATURE.—The court
cannot, by striking out the section expressly limiting the operation of

the law to two counties of the state, make it applicable throughout the state, as to do so would be equivalent to legislation by imposing upon the whole state a law which it is clear that the legislature intended to apply only in two counties, and which would not otherwise have passed.

ID.—UNCONSTITUTIONAL LEGISLATION—BENEFICENT CHARACTER NOT CONSIDERED.—In determining the constitutionality of a statute, its beneficent character cannot be considered.

APPEAL from a judgment of the Superior Court of Los Angeles County. WALTER VAN DYKE, Judge.

The case was submitted in the supreme court by stipulation of attorneys upon the brief of the respondent and the opinion of the judge of the superior court. The facts are stated in the opinion of the court.

*J. A. Donnell, District Attorney,* and *George M. Holton, Deputy District Attorney,* for Appellants.

*M. W. Conkling,* for Respondent.

The act by its terms is applicable only to counties of the first and second classes, to wit, to Los Angeles and San Francisco, and is therefore special and within the ban of the constitution. (Const., art. IV, sec. 25, subds. 9, 11, 28, 33; *Earl* v. *Board of Education,* 55 Cal. 489; *Miller* v. *Kister,* 68 Cal. 142; *Welsh* v. *Bramlet,* 98 Cal. 219; *Bloss* v. *Lewis,* 109 Cal. 493; *Turner* v. *Siskiyou County,* 109 Cal. 332; *Topeka* v. *Gillet,* 32 Kan. 431; *State* v. *Herrmann,* 75 Mo. 340; *Devine* v. *Commissioners,* 84 Ill. 590; *Gibbs* v. *Morgan,* 39 N. J. Eq. 126; *State ex rel. Richards* v. *Hammer,* 42 N. J. L. 436; *Coutieri* v. *New Brunswick,* 44 N. J. L. 58; *Davis* v. *Clark,* 18 Rep. (Penn.) 667.) The legislature has no authority to classify counties except for the purpose of fixing salaries of county officers. (Const., art. XI, sec. 5; *Welsh* v. *Bramlet, supra; Bloss* v. *Lewis, supra; Turner* v. *Siskiyou County, supra.*) Section 400.5 of the Political Code, which classifies the counties of this state for "purposes other than for roads and highways," is repealed, and there has never been any statute enacted since its repeal classifying the counties of this state except for the pur-

pose of regulating the compensation of officers. (*Darcy v. San Jose*, 104 Cal. 642.)

BEATTY, C. J.—This is a suit by a taxpayer to enjoin the defendants from appropriating public funds of the county for the purchase of ballot-boxes and the payment of other expenses involved in carrying out the provisions of the act of March 27, 1895, commonly known as the primary election law (Stats. 1895, p. 207). The claim of the plaintiff is that the act is local and special, and, therefore, unconstitutional and void. This contention was sustained by the superior court of Los Angeles, and the injunction granted. Defendants appeal from the judgment.

There can be no question that the act is local and special, since, by its terms, it is to " apply to, take effect in, and be in force only in counties of the first and second classes," that is to say, in San Francisco and Los Angeles. (Stats. 1895, sec. 26, p. 218.)

The constitution allows the classification of counties according to population for the purpose of regulating the compensation of county officers in proportion to their duties (Const., art. XI, sec. 5), and for that purpose a classification has been established under which San Francisco falls into the first class and Los Angeles falls into the second class. But the fact that these and the other counties of the state have been classified for a purpose which the constitution recognizes as a proper and necessary one does not relieve a law relating to other and distinct matters from the objection that it is local and special if, by its terms, it is limited in its application or operation to one or more classes of counties less than the whole. (*Dougherty* v. *Austin*, 94 Cal. 620; *Welsh* v. *Bramlett*, 98 Cal. 219; *Pasadena* v. *Stimson*, 91 Cal. 238; *Bloss* v. *Lewis*, 109 Cal. 493; *Turner* v. *Siskiyou County*, 109 Cal. 332; *Darcy* v. *Mayor of San Jose*, 104 Cal. 642; *Denman* v. *Broderick, ante*, p. 96.) This act, therefore, not being a regulation of the compensation of county officers, is local and special, notwithstand-

ing it embraces two counties, each of which constitutes
one of the classes defined by the County Government
Act; and the only question to be determined is whether
or not the subject of the act is one of those as to which
special and local legislation is inhibited by the consti-
tution.

The act is intended to regulate primary elections, i. e.,
the election of delegates to nominating conventions, and
not only in its general scope and nature, but by various
specific provisions, is made an essential part of the general
election law of the state.   By section 21, for example, it is
provided that no candidate can have his name printed
upon any ballot as a candidate for public office at any
general election in this state, unless he shall have been
nominated by a convention composed of delegates chosen
as in the act provided, or nominated by a certain per-
centage of electors as in the Political Code prescribed.
The entire act presents an elaborate scheme for the
conduct of the primary elections by sworn officers whose
certificates of election will constitute the credentials of
the delegates to the various political conventions, state,
district, and local.   Not only is it a general law which
should have a uniform operation (Const., art. 1, sec.
11), and not only is the case to which it applies one in
which a general law can be made applicable (Const., art.
IV, sec. 25, subd. 33), but from an inspection of its terms
it clearly appears that it was designed originally to ap-
ply uniformly throughout the state.   This is shown by
various expressions scattered throughout its first twenty-
four sections, in which the original scheme of the law is
embodied.

Section 25, which is in some respects incongruous
with other portions of the act, seems to have been a later
addition.   It provides for the election in presidential
years of delegates to a state convention to choose dele-
gates to a national convention, and by a *proviso* is made
obligatory only in counties which cast nine thousand
votes and upwards at the last preceding general elec-
tion.

But by section 26 this *proviso* is superseded by the provision limiting the application and operation of the act to counties of the first and second classes. But for these two sections we should have a law complete and full, capable of applying, and intended to apply, in every part of the state. It is not a matter for argument or speculation, therefore, whether this is a case in which a general law could be made applicable. This act, by its terms shows that such is the case, and if it did not it is apparent that a law regulating the election of public officers by prescribing the exclusive means by which candidates of the great political parties can secure a place on the official ballot is necessarily a law of a general nature, and capable of uniform operation.

The act is, therefore, unconstitutional by reason of its conflict with section 11 of article I, and subdivision 33 of section 25 of article IV of the constitution above cited. It is also in conflict with the more specific provisions of subdivision 11, of section 25, article IV, prohibiting local or special laws for conducting elections.

Counsel for appellants have made no answer to these objections to the validity of the act, and we know of none which can be made. An *amicus curiæ* makes an urgent appeal in behalf of the law on the ground that it is a good law, designed to prevent, and capable of preventing evils of great and increasing magnitude, but he does not deny that section 26 makes it unconstitutional if it is allowed to stand. He suggests, however, that we should hold that section void (he would have to include section 25 also), and the act valid throughout the state. If we should do so, we would be imposing upon the whole state a law which it is clear the legislature intended to apply in only two counties, and which would not otherwise have passed. This we cannot do, as it would be nothing short of legislation.

If the act is as beneficent as is claimed, it is to be regretted that it cannot stand; but, as we have more than once been compelled to remind the defenders of special and local laws, we cannot have the advantage of such

legislation when it happens to be good without chang-
ing a constitution which absolutely prohibits it upon the
assumption that it is generally bad.

The judgment of the superior court is affirmed.

McFARLAND, J., HARRISON, J., GAROUTTE, J., VAN
FLEET, J., TEMPLE, J., and HENSHAW, J., concurred.