(91 South. 920)

### Ex parte PEA RIVER POWER CO.

### STATE ex rel. ATTORNEY GENERAL v. PEA RIVER POWER CO.

(3 Div. 536.)

(Supreme Court of Alabama.   Oct. 6, 1921. Rehearing Denied Nov. 24, 1921.)

Statutes &64(1)—Invalidity of proviso held not to invalidate entire section wherein it occurs.

Within Acts 1911, p. 184, § 34, providing that if one section of the act is unconstitutional it shall not affect the remaining sections, the word "section" does not mean an entire numeral section, but a separate and separable clause, sentence, or provision, so that the invalidity of a proviso does not invalidate the entire section in which it occurs.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Section.]

Sayre and Gardner, JJ., dissenting.

Certiorari to Court of Appeals.

Petition by the Pea River Power Company, for certiorari to the Court of Appeals to review and revise the judgment of said court reversing and remanding the appeal of State v. Pea River Power Co., 18 Ala. App. 257, 91 South. 921. Writ denied.

Steiner, Crum & Weil, of Montgomery, for appellant.

Section 2069, Code 1907, exempts from the payment of the taxes here sought to be recovered, notwithstanding the provisions of section 229, Const. 1901. 118 Ala. 143, 22 South. 627, 72 Am. St. Rep. 143; 54 Ala. 354. The expression, "expressio unius ex exclusio alterius" is not applicable to the taxing power of the Legislature. 4 Neb. 537, 19 Am. Rep. 641; 74 Neb. 675, 105 N. W. 472; Cooley's Const. of Limitations, 139; 188 Ala. 164, 35 South. 114. It is the well-recognized rule that the Legislature has the full power to exempt from legislation, unless restrained by the Constitution. 182 Ala. 490, 62 South. 77, Ann. Cas. 1915D, 436; 77 Ala. 597; 188 Ala. 487, 66 South. 169, L. R. A. 1915A, 185, Ann. Cas. 1916E, 752; 51 Ala. 213; 49 Ala. 262; 91 Ala. 217, 8 South. 852; 31 Ala. 91; 55 Ala. 322; 71 Vt. 413, 45 Atl. 1039; 188 Ala. 166, 66 South. 47; 37 Cyc. 885; 26 R. C. L. § 262; 56 Ala. 49; 201 Ala. 317, 78 South. 93; 193 Ala. 305, 69 South. 466; 50 Fla. 293, 39 South. 929. For the distinction between a franchise and a property tax see 89 Ala. 338, 7 South. 753; 79 Ala. 3. The present rule as to the effect of the exceptions on the Revenue Act of 1915 has no application to the Revenue Act of 1911, which therefore comes within the rule of the following cases: 67 Ala. 73; 177 Ala. 61, 58 South. 270; 200 Ala. 297, 76 South.

59; 184 U. S. 54, 22 Sup. Ct. 285, 46 L. Ed. 425.

Harwell G. Davis, Atty. Gen., and Thomas J. Judge, Sp. Asst. Atty. Gen., for appellee.

There is no merit in the contention that charter fees provided by section 3450 of the Code is a franchise tax. 118 Ala. 51, 24 South. 89; 182 Ala. 138, 62 South. 734. The rule of construction is clearly enunciated in the following case: 160 Ala. 253, 48 South. 659. The provisions of section 229 of the Constitution are mandatory. 182 Ala. 138, 62 South. 734. This case is properly settled by the case of State ex rel. Atty. Gen. v. Elba Bank & Trust Company, 18 Ala. App. 253, 91 South. 917.

PER CURIAM. Petition for certiorari denied.

On Rehearing.

PER CURIAM. It is insisted upon application for rehearing that the exception or exemption in section 12 of the act of 1911 (page 170) is not so separable from or independent of the entire section as to authorize the upholding of said section after elimination of the exception or exemption, and that as the exception or exemption must be stricken as violative of the Constitution the entire section should fall; that section 289 of the act of 1915 (page 486) as considered in the Bank of Elba Case, 91 South. 917,[1] is much broader in evincing a legislative intent to preserve all portions of the act that may not be declared unconstitutional. True, section 289 of the act of 1915 says, "If any section, clause or provision shall be held void or ineffective for any cause, it shall not affect any other clause or provision of this Act"; while section 34 of the Act of 1911 (page 184) provides that—

"Should any court declare any section of this act unconstitutional, it shall not affect the remaining sections, but the same shall remain in full force and effect."

We think that the word "section" as used in section 34 of the act of 1911 does not mean an entire numeral section, but a separate and separable clause, sentence, or provision. In other words, we think that said saving provisions mean practically the same, though couched in different language. City of Montgomery v. Royal Exchange, 5 Ala. App. 318, 59 South. 508.

The application for rehearing is overruled.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, THOMAS, and MILLER, JJ., concur.

SAYRE and GARDNER, JJ., dissent.