199 So.2d 854

**Nelson ALLEN**

v.

**WALKER COUNTY et al.**

**6 Div. 368.**

Supreme Court of Alabama.

June 1, 1967.

Bankhead, Petree & Savage, Jasper, for appellant.

Curtis, Maddox & MacLaurin, Selman & Beaird and Elliott, Elliott, O'Rear & Robinson, Jasper, for appellees.

HARWOOD, Justice.

Nelson Allen, as Probate Judge of Walker County, as a taxpayer of Walker County, and individually; James Dewey Odom, as Tax Assessor of Walker County, and as a taxpayer of Walker County, and individually; and Dewalt D. Russell, as a taxpayer of Walker County, filed a declaratory action to determine the constitutionality of Act No. 63, enacted as a local act by the legislature, and approved 23 April 1963. See 1963, Acts of Alabama, Vol. 1, p. 224.

It was contemplated by its sponsors that Act No. 63, supra, was processed in the legislature as a local act pursuant to Amendment CXXVII (127) of our Constitution, which amendment was approved by the electorate on 17 December 1957, and proclaimed ratified on 27 December 1957. Said amendment is as follows:

"CXXVII
"COURT COSTS AND FEES, AL-ALLOWANCES, ETC., OF OFFICERS OF WALKER COUNTY.

"The legislature may, from time to time, by general or local laws, fix, alter, and regulate the costs and charges of courts in Walker County, and the method of disbursement thereof. Also, the legislature may, from time to time, by general or local laws, fix, alter, and regulate the costs, charges, fees, commissions, percentages, allowances, and compensation to be charged or received by the judge of probate, sheriff, circuit clerk, register of the circuit court, tax assessor, and tax collector of Walker County, or any other county officer on a fee basis, and may place any of such officers on a salary, and provide that the costs, charges, fees, commissions, percentages, and allowances collected by such officers shall be paid into the county treasury from which their salaries and office expenses shall be paid."

In February and March 1963, notices that a bill would be introduced in the legislature was published for three consecutive weeks in the Mountain Eagle, a newspaper of general circulation in Walker County, said notices reading:

"STATE OF ALABAMA
COUNTY OF WALKER

"NOTICE is hereby given that a bill *substantially as follows* will be introduced in the Legislature of Alabama and aplication for its passage and enactment will be made, to-wit:"
(Italics ours.)

"A BILL
TO BE ENTITLED
AN ACT

"To fix, regulate and alter the compensation of certain officers of Walker County, place such officers on a salary basis, and provide for the operation of their offices on such basis, as authorized by Constitutional Amendment No. 127.

"BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

"Section 1. The following designated officers of Walker County shall each be entitled to compensation on the basis of a salary as herein fixed, to-wit:

"For the sheriff, $12,000 per annum;

"For the judge of probate, $12,000 per annum;

"For the tax assessor, $9,000 per annum;

"For the tax collector, $9,000 per annum;

"For the clerk of the circuit court, $8,000 per annum;

to become effective as to each officer named at the expiration of the term of office of the incumbent. The salaries of such officers shall be in lieu of fees, commissions, allowances, percentages, charge and costs, except as otherwise provided in this Act, and shall be the entire compensation of the officer for the performance of the duties of his office and all duties attached to the office by general, special, or local laws.

"Section 2. The court of county commissioners, board of revenue, or other like governing body of Walker County shall provide each officer with sufficient clerks, deputies, and assistants as the officer may consider necessary for the efficient conduct of the affairs of his office; provided, the judge of probate shall not be allowed more than 4 (Four) full time clerks, the sheriff shall be allowed the same number of jailers, deputies, and other assistants as are now provided by law, who shall receive the compensation and allowances prescribed by law, the clerk of the circuit court shall be allowed only one full time clerk, and the tax assessor and tax collector shall each be allowed only one full time clerk. Each officer shall appoint his own deputies, clerks, and assistants, and shall fix their compensation, subject to approval by the board of revenue, court of county commissioners, or other like county governing body as to number and rate of pay, except as herein otherwise provided.

"Section 3. The court of county commissioners, board of revenue, or other like governing body of Walker County shall provide the judge of probate, sheriff, tax assessor, tax assessor (sic), and clerk of the circuit court such books, stationery, office equipment, supplies, postage, and other conveniences as may be necessary for the proper and efficient conduct of the affairs of the respective offices, but not including motor vehicles, except for the sheriff or his deputies.

"Section 4. The fees, commissions, percentages allowances, charges, and court costs heretofore collectable for the use of any named officer shall hereafter be collected for the use of Walker County and shall be paid into the general fund of the county. Provided, the sheriff shall be entitled to the allowances payable by the state for feeding prisoners and also such mileage and expense allowances as may be payable according to law for returning or transferring prisones (sic) and insane pesons (sic) to or from points outside Walker County. The compensation of the officers named and of their clerks, deputies, and other assistants, shall be paid in equal monthly installments from the general funds of the county.

"Section 5. All laws or parts of laws which conflict with this Act are repealed.

"Section 6. The provisions of this Act are severable. If any part of the Act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.

"Section 7. This Act shall become effective as to each county office specified herein at the expiration of the term of the incumbent officer."

Thereafter what is now Act No. 63, supra, was enacted by the legislature, and approved by the Governor, as aforesaid.

In the hearing below John Lynn, Comptroller of Walker County, testified that his office is essentially the same as the office formerly known as County Treasurer. As Comptroller, he maintains the funds of

Walker County in twenty-six accounts, the general fund account being the largest.

Lynn further testified that the records of his office as Comptroller are but an extension of the records of the County Treasurer before the latter office was abolished, and that he had received from the Probate Judge during the period 17 January 1965 to 15 January 1966, funds in the amount of approximately $58,000, and had paid to the Probate Judge during this period from the general fund $23,799.49 for clerk hire, plus a payment of $11,900 as salary of the Probate Judge.

The payment for clerk hire included the salaries of the four regular clerks and the salaries of additional clerks serving during the rush season of six weeks in the fall.

Mr. Odom, the Tax Assessor, testified that during the years 1964 and 1965, his clerk salary expenses had been approximately $11,000 for each year.

Judge Allen testified that he was elected to his office after Act No. 63, supra, was passed; that he receives his salary check drawn by Mr. Lynn, the Comptroller, and pays the monies received by his office to the Comptroller.

The evidence further shows that after the proposed bill was advertised, Judge Allen and Mr. Odom had conferences with the Representatives and the Senator from Walker County. Mr. Odom informed the legislators that he could not operate the Tax Assessor's office with one clerk, and requested $11,000 per annum for clerk hire for his office.

Judge Allen testified that he told the legislators he could not operate the Probate Office with four clerks as provided in the proposed bill as advertised; that he might operate the office with $22,000 provided for clerk hire, but $25,000 should be provided.

In 1964 Judge Allen was paid $21,437.00 for clerk hire.

There was introduced in evidence Act No. 388, passed and approved in 1957, which Act abolished the office of County Treasurer and established in lieu thereof the office of County Comptroller.

There was also introduced in evidence Amendment L of our Constitution, which was proclaimed ratified in 1944. This amendment, applicable to public officers in Walker County, provides in general that the legislature may place the Probate Judge, Tax Assessor, Sheriff, and other named county officers on a salary, with the fees collected by such officers to be paid into the treasury, the balance of said funds or savings to be used for old age pensions in Walker County.

After the hearing below, the court entered a decree upholding the constitutionality of Act No. 63. Judge Allen thereupon perfected an appeal from such decree and judgment. Citations of appeal were duly served upon the respondents in the proceedings below, and also upon James Dewey Odom, one of the complainants below. Odom has not joined in the appeal. The complainant, Dewalt D. Russell, was stricken as a party complainant during the progress of the hearing.

Under appropriate assignment of errors, appellant has argued the unconstitutionality of Act No. 63 in a number of aspects.

■ Appellant contends that Act No. 63 differs from the proposed Act as advertised, and therefore offends Section 106 of our Constitution.

First, counsel argues that the proposed Act provided that the Probate Judge should not be allowed more than four full time clerks, and the Tax Assessor should be allowed only one full time clerk, whereas Act No. 63, without specifying the number of clerks to be allowed these officials merely provides that the Probate Judge should be allowed an amount not to exceed $21,000 per annum, and the Tax Assessor $9,200 per annum for clerical help.

It is to be noted that the amounts allowed the Probate Judge and the Tax Assessor annually for clerical help are substantially the amounts expended by these officials in previous years for clerical help. Further, it is apparent that these stated amounts for clerical help were fixed in the bill after the officials had conferred with the Walker County legislators and protested respectively that the Probate Court could not efficiently operate with four clerks, nor the Tax Assessor's office with one clerk.

The notice of the bill began with the preamble that "* * * a bill *substantially* as follows will be introduced in the Legislature * * *" (Underlining ours.)

■ As stated in Christian v. State, 171 Ala. 52, 54 So. 1001:

"The Constitution does not proceed upon the theory that all the details of every proposed law should be worked out in advance and without the aid of legislative wisdom. It requires only that the local public shall be advised of the substance of the proposed law, of its characteristic and essential provisions, of its most important features."

An enlightening statement as to the compliance of a bill, as ultimately passed, with the terms of a bill as advertised, is set forth in First National Bank of Eutaw v. Smith, 217 Ala. 482, 117 So. 38, as follows:

"The *principles* declared by these cases seem to be: (1) That the 'substance' of the proposed law means not merely the *subject* of it, but an intelligible abstract or synopsis of its material and substantial elements (Wallace v. Board of Revenue, supra, [140 Ala. 491, 37 So. 32]. Law v. State, supra [142 Ala. 62, 38 So. 798]); (2) the substance of the act may be sufficiently stated without stating the details which are subsidiary to the stated elements (City of Uniontown v. State ex rel. Glass, 145 Ala. 471, 39 So. 814, 8 Ann.Cas. 320; Law v. State, supra; Mayor, etc., of Ensley v. Cohn, supra

[149 Ala. 316, 42 So. 827]) ; and (3) the Legislature is not inhibited from shaping up and working out the details of local legislation by amending bills when presented for consideration and passage.

"In the application of these rather general principles, there seems to be much room for conflicting opinion, and, indeed, we have some cases of more than doubtful consistency; the point of departure being in the appraisal of the elemental and substantial features on the one hand, and of the subsidiary and nonsubstantial on the other."

It is our conclusion that the variance between the bill as advertised, and the bill as enacted, is not of sufficient substance as to affect the validity of Act No. 63.

■ Another contention of the appellant as set forth in his briefs is:

"Perhaps the greatest changes between the Act as published and the Act as passed are those relating to the Sheriff's office. In the Act as passed the Sheriff was allowed a cook for the jail at a salary of $150.00 a month, a secretary for his office at a salary of $200.00 per month. Neither of these matters were mentioned in the published notice."

This argument overlooks the provision in the Act as advertised to the effect that the governing body of Walker County shall provide each officer with sufficient clerks, deputies, and assistants, etc. (Section 2 of Act No. 63 as advertised.)

Section 2 of Act No. 63 is to like effect, except that the salary to be paid the jail cook and the secretary for the sheriff's office are specified in Act No. 63. What we have written, supra, we consider applicable to this contention.

■ A more serious question is presented by appellant's argument as to the validity of the proviso found in Sections 4 of Act No. 63, and of the advertised bill, which reads:

"Provided, the sheriff shall be entitled to the allowances payable by the state for feeding prisoners and also such mileage and expense allowances as may be payable according to law for returning or transferring prisoners and insane persons to or from points outside Walker County."

It is appellant's contention that such proviso goes beyond the limitations to be found in Amendment 127. With this contention we are in accord. A reading of Amendment 127 shows that in the event the legislature sees fit to exercise the discretion vested in it to place the named officers of Walker County on a salary, then they must provide "that the costs, fees, * * * and allowances collected by such officers shall be paid into the county treasury from which their salaries and office expenses shall be paid."

Having placed the sheriff on a salary, the legislature could not, in the face of Amendment 127, permit him to retain the allowances and mileage expenses which it sought to do in the proviso.

■ However, the fact that this proviso may be constitutionally invalid does not necessitate declaring the remaining portions of Act No. 63 invalid, since the proviso is easily separable from the remaining portions of the Act.

The real and dominant purpose of Act No. 63 was to place certain county officials of Walker County on a salary, and to provide for the operation of such offices from the fees and allowances of such offices which were to be paid into the general fund of the county. This is clear from the captions and contents of both the advertised bill and Act No. 63.

Section 6 found in both the Act as advertised and in Act No. 63, provides that the provisions of the Act are severable, and "If any part of the Act is declared invalid or unconstitutional, such declaration shall not affect the part which remains."

■ The word "part" does not mean an entire section, or the entire Act, but a separable clause, sentence, or provision. Ex parte Pea River Power Co., 207 Ala. 6, 91 So. 920.

■ The effect of an invalid provision in an act, where such provision is separable from the remaining portions is stated in Springer v. State ex rel. Williams, 229 Ala. 339, 157 So. 219:

"The question of paramount and controlling importance in the case is, if the invalid part of the act is deleted from the act, does it leave an act complete, sensible, and capable of being executed? If the act thus deleted of the invalid part is competent to stand without the invalid part, and leaves an enactment complete within itself, sensible, and capable of being executed, it will stand, unless the two parts—the valid and invalid—are so inseparable as to raise the presumption that the Legislature would not have enacted the one without the other. State [ex rel. Clarke] v. Carter, 174 Ala. 266, 56 So. 974, 977; Union Bank & Trust Co. v. Blan, State Treas., supra, [229 Ala. 180, 155 So. 612]; Harper v. State, 109 Ala. 28, 19 So. 857."

■ We recognize that a separability clause should be given effect, where possible, to save legislative enactment (Alabama State Fed. of Labor v. McAdory, 246 Ala. 1, at p. 25, 18 So.2d 810), that is, if the invalid portion is not so intertwined with the remaining portions that such remaining portions are rendered meaningless by the extirpation, in which event it must be assumed that the legislature would not have passed the enactment thus rendered meaningless. Ward v. State ex rel. Lea, 224 Ala. 242, 139 So. 416.

We also note that Section 34, Title 11, Code of Alabama 1940, pertaining to fees allowed sheriffs, contains a concluding provision that:

"In all counties in this State where the sheriff is on a salary or whose compensation is paid out of the county treasury he shall collect such fees and shall remit the same to the treasury of the county."

Again, in those sections of our Code relating to the feeding of prisoners in jail (Title 45, Secs. 142 et seq.), we find Section 146 reading:

"The sheriffs who are on a salary basis by virtue of an amendment to the constitution of Alabama shall not receive the allowance as provided for in this article for the feeding of prisoners and preparing and serving such food, but such allowance as provided herein shall be paid into the county treasury, and the board of revenue or court of county commissioners or other courts of like jurisdiction of such county shall be required and it shall be their duty to furnish the sheriffs of such county with the help necessary for the preparing and serving such food, and shall pay for same out of the county treasury of such county. The selection of such help to be made by the sheriff of such county. (1923, p. 704; 1927, p. 693.)"

In view of the general law of this state as evidenced by these above code sections, it would appear that in addition to being beyond the limits of Amendment 127, supra, the proviso now being considered would be violative of Section 104 of our Constitution, which is to the effect that the legislature shall not pass a special, private, or local law:

"(9) Exempting any individual, private corporation, or association from the operation of the general law."

We hold that that portion of Section 4 of Act No. 63, supra, attempting to permit the retention by the sheriff of the allowances therein specified, is constitutionally invalid. We further hold, however, that such portion of Act No. 63 is separable and that the invalidity of such proviso does not affect the validity of the remaining portions of Act No. 63.

The decree of the lower court upholding the validity of Act No. 63 is due to be affirmed except in that aspect relating to the proviso found in Section 4 of Act No. 63, which we have discussed above. The judgment is therefore remanded to the lower court for modification of the decree to this extent. Otherwise the decree is affirmed.

Affirmed in part, reversed and rendered in part, and remanded.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.