221 So.2d 381

**Joe L. REED et al.**

**v.**

**ALABAMA PUBLIC SCHOOL AND COL-
LEGE AUTHORITY et al.**

**3 Div. 412.**

Supreme Court of Alabama.

April 4, 1969.

Rehearing Denied April 10, 1969.

---

Gray, Seay & Langford, Montgomery, for appellants.

Goodwyn, Smith & Bowman, Montgomery, and Bradley, Arant, Rose & White, Birmingham, for appellees.

**23**

MERRILL, Justice.

This appeal is from a decree validating the issuance of bonds under a legislative act, a part of which is admittedly unconstitutional.

Appellant taxpayers sought a declaratory judgment of the invalidity of Act No. 403, Acts of Alabama 1967, Vol. II, p. 1016, which provides for the sale of bonds in the amount of $5,000,000, for the purpose of constructing and equipping a four-year college or branch of Auburn University in the City of Montgomery. They also sought to enjoin the sale of the bonds authorized by Act No. 403.

The Alabama Public School and College Authority, which was originally created by Act No. 243, Acts of Alabama 1965, First Special Session, p. 331, is authorized by Act No. 403 to issue and sell the bonds in question in this proceeding and was a respondent in this case below. Albert Brewer, Ernest Stone, Robert B. Ingram and Agnes Baggett constitute the membership of the Authority and were also respondents in the proceeding below and appellees here.

The bill of complaint attacks Act No. 403 in its entirety *solely* on the ground that part of Section 2 of said Act—the part which provides "for the support and maintenance of such college for each of the fiscal years ending September 30, 1968 and September 30, 1969"—contravenes Article 11, Section 213 of the Constitution of Alabama of 1901. Section 2 reads:

"The proceeds of all bonds issued and sold by the authority under this Act remaining after paying expenses of their issuance shall be deposited in the state treasury, and shall be carried in the state treasury in a special or separate account. The net proceeds derived from sale of the bonds shall be distributed to Auburn University to be used by the board of trustees thereof for construction and equipment of physical facilities for conducting a four-year college or branch of the University in the City of Montgomery *and for the support and maintenance of such college for each of the fiscal years ending September 30, 1968 and September 30, 1969.*" (Emphasis supplied.)

Appellees answered admitting appellant's standing to bring this action, admitted the invalidity of that part of Act No. 403 which provides "for the support and maintenance of such college for each of the fiscal years ending September 30, 1968 and September 30, 1969," but asserted that this provision was "severable" under Section 4 of said Act and, accordingly, did not affect the validity of other parts of said Act. Appellees also took the position that said controversy was moot in view of the facts that (1) the bonds in question had already been sold and (2) since construction of the branch provided for in said Act would not commence until the calendar year 1970, it would be impossible to spend money either in the fiscal year ending September 30, 1968 or the fiscal year ending September 30, 1969, as provided for in said Act. Appellees further joined with the appellants in requesting a declaratory judgment on the question of the validity of said Act.

This case was then submitted to the trial court upon the oral testimony of Dr. H. H. Funderburk, Vice President of the Montgomery branch of Auburn University; certain exhibits offered by respondents in support of his testimony; and the Minutes of the meeting of the Authority's Board of Directors, held on March 4, 1969,

at which the Authority sold the bonds and expressly resolved that the proceeds therefrom should be used *solely* for the construction of the Auburn branch which was contemplated by Act No. 403.

On March 17, 1969, the trial court entered a declaratory judgment, the "findings of facts" and the decree as follows:

## "FINDINGS OF FACTS

"1. The Complainants are all over the age of 20 years; are residents of Montgomery County, Alabama; own property in the State of Alabama that is subject to taxation by the State; and are taxpayers.

"2. The Respondent, Albert Brewer, is Governor of the State of Alabama and President of the Alabama Public School and College Authority, (hereinafter referred to as The 'Authority'); the Respondent, Ernest Stone, is State Superintendent of Education and Vice President of the Authority; the Respondent, Robert B. Ingram, is Director of Finance and Secretary of the Authority; and the Respondent, Agnes Baggett, is State Treasurer and Treasurer of the Authority. Each of these Respondents is over the age of 21 years and each of them maintains his official residence in Montgomery County, Alabama. Each of the Respondents is a member of the Board of Directors of said Authority and, in their official capacities aforesaid, were named parties Respondent to this proceeding.

"3. Act No. 243 adopted at the First Special Session of the Legislature of Alabama in 1965 (hereinafter 'Act No. 243'), created the Alabama Public School and College Authority, which is also made a Respondent hereto, and authorized it to sell bonds solely for the purpose of raising money for the construction of school buildings and school physical facilities located throughout the State of Alabama.

"4. Act No. 403 adopted at the 1967 Regular Session of the Legislature of Alabama (hereinafter 'Act No. 403'), the validity of which is brought into question by this proceeding, authorizes the Authority to sell bonds in the amount of $5,000,000.00 for the following purposes: 'for construction and equipment of physical facilities for conducting a four year college or branch of (Auburn) University in the City of Montgomery (hereinafter the 'Branch'), and for the support and maintenance of such college for each of the fiscal years ending September 30, 1968, and September 30, 1969.'

"5. The Branch contemplated by Act No. 403 has not been constructed and commencement of construction on said facility will not commence until sometime in the calendar year 1970. Auburn University will not commence the teaching of students at the Branch, proposed to be constructed by said Act No. 403, until sometime in the calendar year 1971.

"6. Since construction of the Branch will not commence until sometime in the calendar year 1970, it would be impossible to spend money, either in the fiscal year ending on September 30, 1968 or the fiscal year ending on September 30, 1969, for the support and maintenance of the Branch contemplated by Act No. 403.

"7. Dr. Harry M. Philpott, President of Auburn University, has made a decision that funds from the sale of the bonds, authorized by Act No. 403, will not be spent for the support and maintenance of the Branch and that the money from said bonds shall be spent solely for the construction and equipping of physical facilities at the Branch contemplated by Act No. 403, and Dr. Philpott's decision was communicated to the Authority before it authorized the sale of the bonds contemplated by Act No. 403.

"8. Auburn University has not done any interim financing whereby it has pledged any part of the proceeds to be derived from said bonds to secure funds for the support and maintenance of the Branch.

"9. In the resolution authorizing the issuance of the bonds contemplated by Act No. 403, the Authority expressly provided that the funds derived from the sale of said bonds should be used 'solely for the purpose' of raising 'funds for the construction and equipment of physical facilities for conducting a four year college or branch of Auburn University in the City of Montgomery'.

"10. In a meeting, held on March 4, 1969, the Authority sold the bonds, authorized by Act No. 403, to the Trust Company of Georgia and Associates.

"11. A controversy of a justiciable nature has arisen between the parties to this cause in that the Complainants contend that Act No. 403 violates Article 11, § 213, of the Constitution of Alabama of 1901 in that part of said act provides for the support and maintenance of such college for each of the fiscal years ending September 30, 1968, and September 30, 1969'; and in that Respondents contend that the part of Act No. 403 which provides 'for the support and maintenance of such college' is severable from the other parts of the Act as is specifically provided for in Section 4 of said Act which provides:

'The provisions of the Act are severable. If any part of the Act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.'

"The Respondents also contend (i) that with the exception of that 'part' which provides 'for the support and maintenance' of the Montgomery branch of Auburn University, Act No. 403 is a constitutional, valid and subsisting statute of the State of Alabama; (ii) that acting pursuant to the said statute, the Authority had the power to sell and issue the bonds which were sold on March 4, 1969; and (iii) that said bonds are lawful obligations of the Authority, secured by the special pledge of taxes referred to in Act No. 243 enacted by the Alabama Legislature sitting in Special Session on May 4, 1965.

"DECREE

"IT IS, upon consideration by the Court, ORDERED, ADJUDGED and DECREED by the Court as follows:

"A. Both the Complainants and the Respondents are entitled to a Declaratory Judgment in the matters in controversy in this cause and a Declaratory Judgment and Decree shall be and is hereby entered in this cause as follows:

"1. The 'part' of Act No. 403 which provides 'for the support and maintenance of such college for each of the fiscal years ending September 30, 1968, and September 30, 1969' is in conflict with Article 11, Section 213 of the Constitution of Alabama of 1901 and as such is invalid.

"2. The invalid 'part' of Act No. 403 which provides 'for the support and maintenance of such college for each of the fiscal years ending September 30, 1968, and September 30, 1969' is 'severable' from the other parts of said Act and accordingly does not affect the validity of the other parts of said Act. See Newton v. City of Tuscaloosa [251 Ala. 209], 36 So.2d 487 (Ala.1948); Hall v. Underwood [258 Ala. 392], 63 So.2d 683 (Ala.1953); and Allen v. Walker County.

"3. With the exception of that 'part' which provides for the 'support and maintenance of such college for each of the fiscal years ending September 30, 1968, and September 30, 1969' Act No. 403 is a constitutional, valid and subsisting statute of the State of Alabama.

"4. Acting pursuant to the valid parts of Act No. 403, the Authority had the lawful power to sell and issue the bonds which were sold on March 4, 1969.

"5. Said bonds which were sold by the Authority on March 4, 1969, are lawful obligations of said Authority, secured by the special pledge of taxes referred to in Act No. 243 which was enacted by the Alabama Legislature sitting in Special Session on March 4, 1965.

"B. This cause being one involving the public interest and in which the Complainants and Respondents were entitled to a Declaratory Judgment and Decree, the costs of this cause are hereby taxed equally against Complainants and against the Respondents."

Appellants state in brief that they do not quarrel with the trial court's findings of fact and adopt that part of the judgment as its statement of facts in its brief.

The assignments of error and arguments of counsel for each side in briefs raise this question: If the invalid part of Act No. 403, which we have emphasized supra, is deleted, does it leave an Act that is complete, sensible and capable of being executed? Appellants say the answer is "No," and appellees, while conceding that the emphasized words in Section 2 are unconstitutional under Article 11, Section 213 of the Constitution of Alabama of 1901, say the answer is "Yes" and that the decision of the trial court should be affirmed.

In Allen v. Walker County, 281 Ala. 156, 199 So.2d 854, we said:

" 'The question of paramount and controlling importance in the case is, if the invalid part of the act is deleted from the act, does it leave an act complete, sensible, and capable of being executed? If the act thus deleted of the invalid part is competent to stand without the invalid part, and leaves an enactment complete within itself, sensible, and capable of being executed, it will stand, unless the two parts—the valid and invalid—are so inseparable as to raise the presumption that the Legislature would not have enacted the one without the other. * * * ' "

Section 4 of Act No. 403 provides:

"The provisions of this Act are severable. If any part of the Act is declared invalid or unconstitutional, such declaration shall not affect the part which remains."

In Allen v. Walker County, supra, we also said:

"We recognize that a separability clause should be given effect, where possible, to save legislative enactment (Alabama State Fed. of Labor v. McAdory, 246 Ala. 1, at p. 25, 18 So.2d 810), that is, if the invalid portion is not so intertwined with the remaining portions that such remaining portions are rendered meaningless by the extirpation, in which event it must be assumed that the legislature would not have passed the enactment thus rendered meaningless. Ward v. State ex rel. Lea, 224 Ala. 242, 139 So. 416."

■ A court has the duty to sustain an act unless it is convinced beyond a reasonable doubt of the unconstitutionality of the act. Newton v. City of Tuscaloosa, 251 Ala. 209, 36 So.2d 487; Brittain v. Weatherly, 281 Ala. 683, 207 So.2d 667.

■ The word "part" in a separability clause in an act does not mean an entire section, or the entire act, but a separable clause, sentence or provision. Allen v. Walker County, 281 Ala. 156, 199 So.2d 854.

■ If the invalid part may be stricken from an act, leaving a statute complete within itself, sensible and capable of being executed, the striking of the invalid part does not nullify the entire act. Hall v. Underwood, 258 Ala. 392, 63 So.2d 683.

■ Applying these principles to Act No. 403, we are clearly convinced that the deletion of the unconstitutional clause in the last sentence of Section 2 of the Act, leaves a complete, sensible Act capable of being executed. The Legislature authorized the sale of bonds for the *construction* of a college. The college would have to be constructed before there would be any need for maintenance or support.

And, as the trial court found in paragraph 6 of its findings of fact, since construction of the college will not commence

until 1970, it will be impossible to spend any money on support and maintenance prior to September 30, 1969, the limit placed by the Legislature on the expenditure of funds for support and maintenance even if that part of the Act had been constitutional.

The judgment and decree of the trial court is without error and is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.